IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACO ENVIRONMENTAL, INC. et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLIANCE RECYCLING CENTERS OF AMERICA, INC., et al.,<br><br>    Defendants. | No. C 06-06601 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO TRANSFER AND REQUIRING FURTHER BRIEFING** |

This matter is currently set for a hearing on February 16, 2007 at 9:00 a.m. on Defendant Edward R. Cameron's motion to dismiss for improper venue or to transfer. The focus of the pending motion is to dismiss the individual, Edward R. Cameron, from the complaint. By virtue of Plaintiff's opposition to the motion and considering the declaration submitted by Mr. Cameron, the GRANTS the motion to dismiss Mr. Cameron from the complaint with prejudice.[1]

However, the motion, almost as an afterthought, seeks to transfer venue of the action against Mr. Cameron to the Central District of California pursuant to 28 U.S.C. § 1406(a). The Court finds this request moot and it is DENIED. Therefore, the hearing date of February 16, 2007 is HEREBY VACATED.

However, by virtue of the briefing provided to the Court, it is aware that the entire matter may properly be before the Central District Court. Therefore, the Court HEREBY ORDERS the parties to file supplemental briefing on the question whether the entire case should be transferred pursuant to 28 U.S.C. § 1404(a); *see also Muldoon v. Tropitone Furniture*

---

[1] Although not necessary in resolving the motion, the Court GRANTS Plaintiffs' motion to file a sur-reply.

*Co.*, 1 F.3d 964, 965 (9th Cir. 1993) (describing sua sponte transfer pursuant to 28 U.S.C. § 1404).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the moving parties, Appliance Recycling Centers of American, Inc. and Application Recycling Centers of America-California, Inc. bear the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under section 1404, it must make the following two findings: (1) that the transferee court is one where the action "might have been brought;" and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

To make this determination, the Court will consider the following factors:  plaintiffs' choice of forum; convenience of the parties; convenience of the witnesses; access to compulsory process of third party witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative court congestion in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). It is within the Court's discretion to determine whether the convenience of the parties, convenience of the witnesses, and the interests of justice would be served by transfer. *E. & J. Gallo*, 899 F. Supp. 2d at 466. The Court will also consider the fact that Appliance Recycling Centers of America, Inc. filed a possibly related action in the Central District action first. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (discussing "first-to-file" rule).

Defendants shall file their opening brief no later than February 9, 2007. Plaintiffs' opposition brief shall be filed no later than February 23, 2007 and Defendants' reply brief, if any, shall be filed no later than March 2, 2007. The hearing on the motion to transfer venue shall be heard on March 23, 2007 at 9:00 a.m. Further, the initial Case Management Conference, currently set for March 16, 2007 at 1:30 p.m. is HEREBY RESET to March 23, 2007 at 9:00 a.m. following the hearing on the motion to transfer venue.

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

**IT IS SO ORDERED.**

Dated: January 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE