IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACO ENVIRONMENTAL INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLIANCE RECYCLING CENTERS OF AMERICA, INC., et al., <br><br> Defendants. | No. C 06-06601 JSW <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |

Now before the Court is Defendants' motion to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to transfer venue. The Court finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b).

**BACKGROUND**

On October 23, 2006, Plaintiffs JACO Environmental, Inc. ("JACO"), SEG Basis GmbH ("SEG Basis"), and SEG Umwelt-Service GmbH ("SEG Umwelt") (collectively, "Plaintiffs") filed a complaint in this Court against Appliance Recycling Centers of America, Inc. ("ARCA America") and Appliance Recycling Centers of America-California, Inc. ("ARCA California") (collectively, "ARCA" or "Defendants") and Edward R. Cameron. (Compl. ¶¶ 1-6.) The complaint alleges that Defendants infringed two of Plaintiffs' patents. (*Id.* ¶¶ 10-21.) Plaintiffs

seek declaratory and injunctive relief as well as damages, attorneys fees, and costs. (*Id.* at 4-5.)

On January 12, 2007, the Court dismissed Mr. Cameron for lack of personal jurisdiction and ordered the parties to file supplemental briefing addressing whether the entire case should be transferred pursuant to 28 U.S.C. § 1404(a). (Order Dated January 12, 2007 Granting in Part and Denying in Part Defendants' Motion to Dismiss and to Transfer and Requiring Further Briefing.) Now before the Court is Defendants' resulting motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Plaintiffs and Defendants are both in the business of providing refrigerator recycling services. (Declaration of Charles Rosenberg in Support of Motion to Transfer ("Rosenberg Transfer Decl."), Ex. 2 at 2.) Plaintiff JACO is incorporated in Washington state and maintains its principal place of business in Washington. (Compl. ¶ 1.) Plaintiffs SEG Basis and SEG Umwelt are both German corporations with their principal places of business in Germany. (*Id.* ¶¶ 2-3.) ARCA America is incorporated in Minnesota with its principal place of business in Minnesota. (*Id.* ¶ 4.) ARCA California is incorporated in California with its principal place of business in California. (*Id.* ¶ 5.) Defendants maintain a recycling center in Compton, California. (*Id.*) The instant infringement action arises out of refrigerator recycling technology. (*See Id.* ¶¶ 10, 16.)

A similar dispute between the same parties is currently pending in the Central District before the Honorable Alicemarie H. Stotler. (Rosenberg Transfer Decl., Ex. 2.) In that action, ARCA (Defendants in this action) filed suit against JACO (Plaintiff in this action) and its principals for claims under the Lanham Act and California's unfair competition law. (*Id.*) That action involves the same general refrigerator recycling technology that is at issue in this suit and specifically claims that JACO misrepresented the identity of the inventor of a patent related to refrigerator recycling technology. (*Id.*) The court in that action denied JACO's motion for summary judgment on October 19, 2006, four days before the Plaintiffs filed the complaint before this Court. (*Id.*) The Court will address additional specific facts as required in the analysis.

2

**ANALYSIS**

**A.     Legal Standard for Motion to Transfer.**

Defendants seek to transfer this action to the Central District of California. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving party, Defendants bear the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that Plaintiffs could have brought this suit in the Central District of California. Accordingly, Defendants have met their burden under the first prong.

To determine whether Defendants have met their burden on the second prong, the Court considers the following factors: Plaintiffs' choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**A.     Defendants' Motion to Transfer.**

    **1.     Plaintiffs' Choice of Forum.**

Typically, a court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of

3

forum. *Id.* at 843. There are, however, factors that diminish the deference given to a plaintiff's choice of forum.

For instance, "in contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 256 (1981)). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001). Moreover, if there is any indication that a plaintiff is forum shopping, its choice will be given little deference. *Id.* at 1106. Additionally, a plaintiff's choice of forum is afforded less deference when the facts giving rise to the action have little connection to the forum of original selection. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.") (footnote omitted).

As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Chodock v. Am. Econ. Ins. Co.*, 2005 WL 2994451, *3 (D. Ariz. 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987) ("[W]hen the plaintiff chooses a forum which has no connection to the plaintiff himself or the subject matter of the suit . . . the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.")).

Plaintiffs here are not citizens of California; rather, two are German corporations and the other is a Washington state corporation. (Compl. ¶¶ 1-3.) Moreover, the underlying action has no connection to the Northern District of California. Plaintiffs assert that the action is connected to the Northern District because Defendants operated a business in Oakland, California, have ongoing business relationships in the Northern District, and have conceded that jurisdiction is proper in the Northern District. (Opp. Br. at 1.) However, Defendants' Oakland business has been closed for over ten years. (Declaration of Edward R. Cameron in Support of Motion to Dismiss ("Cameron Dismissal Decl.") ¶ 7.) Second, while Defendants do have at

1  least one ongoing business relationship in the Northern District, the evidence indicates that the
2  allegedly infringing activity occurs in the Central District.  (*Id.* ¶ 9.)  In particular, although
3  Defendants have at least one contract with a company in Northern California, that contract is to
4  provide recycling services at its recycling center in the Central District.  (*Id.*)  Finally, the fact
5  that jurisdiction is proper in the Northern District is not dispositive of the issue of whether
6  transfer is appropriate under § 1404(a).  *See* 28 U.S.C. § 1404(a).

7       In sum, Defendants' burden to make a strong showing of inconvenience is significantly
8  reduced because the Plaintiffs are not from California and because the underlying action is not
9  connected to the Northern District.  On this record, the Court finds this factor weighs in favor of
10 transfer.

11      **2.     The Convenience of the Parties and Witnesses.**

12      In addition to considering Plaintiffs' choice of forum, the Court takes into account the
13 relative convenience to all the parties and their witnesses.  *See Decker Coal Co.*, 805 F.2d at
14 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508).  Defendants argue that it would be more
15 convenient to litigate this matter in the Central District because the allegedly infringing
16 equipment is located in its recycling center in the Central District and the Central District is
17 more convenient for Defendants' anticipated witnesses, who are either located in or conduct
18 frequent business in the Central District.  (Declaration of Edward R. Cameron in Support of
19 Transfer ("Cameron Transfer Decl.") ¶¶ 5-6.)  Plaintiffs present no evidence to oppose the
20 convenience of the Central District.

21      Neither party has identified any third-party witnesses.  Defendants have named two
22 witnesses who they anticipate will testify at trial: (1) Edward R. Cameron, Defendants' Chief
23 Operating Officer, and (2) Michael Dunham, Plaintiff JACO's manager.  (Rosenberg Transfer
24 Decl. ¶¶ 2-4.)  Mr. Dunham resides in the Central District and Mr. Cameron resides in
25 Minnesota but takes regular business trips to the Central District.  (*Id.* ¶ 5; Cameron Dismissal
26 Decl. ¶ 5.)

27      First, the convenience of Defendants' party witness, Mr. Cameron, is entitled to little
28 weight because the witness is an employee of the party seeking transfer, and Defendants will be

5

able to compel his testimony at trial. *See, e.g.*, *Ashmore v. N.E. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 38 (D. Me. 1996) ("a defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence may be obtained by the party"). In addition, Mr. Dunham's residence in the Central District weighs in favor of transfer. Moreover, Plaintiffs failed to allege any inconvenience in their opposition. The record before the Court indicates that evidence and witnesses relevant to the litigation will be located in the Central District, or outside of California altogether.

On balance, the Court finds that Defendants will benefit from transfer and Plaintiffs will not be significantly inconvenienced by transfer. Accordingly, this factor weighs in favor of transfer.

### 3. The Ease of Access to Sources of Proof.

Access to evidence is another factor that may favor transfer. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Defendants state, and Plaintiffs do not dispute, that the relevant evidence is located in the Central District or in Minnesota. (Cameron Transfer Decl. ¶¶ 5, 6.) Therefore, on balance, this factor weighs in favor of transfer.

### 4. The Local Interest.

Another consideration in a decision to transfer venue is the local interest in having localized controversies decided at home. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Here, one of the recycling centers that houses the allegedly unlawful technology is in the Central District, while the other is in Minnesota. (Cameron Dismissal Decl. ¶ 3.) Because none of the allegedly infringing activity occurred in the Northern District and at least some occurred in the Central District, the Court finds this factor to be slightly in favor of the Central District.

### 5. Familiarity of Each Forum with the Applicable Law.

The parties dispute whether the Central District has the appropriate expertise to handle this matter since the related case is pending there. (Br. at 8; Opp. Br. at 2.) Plaintiffs claim that because the only remaining claim in the Central District litigation is one for unfair competition, not patent infringement, and because Judge Stotler has not yet decided any substantive issues

about the technology itself, that the Central District is no more familiar with the law or the underlying technology than this Court. (Opp. Br. at 2.) However, both actions involve the same refrigerator recycling technology and the parties in the Central District are the same as those before the Court. (*See generally* Compl.; Declaration of Charles Rosenberg in Support of Motion to Dismiss, Ex. 3.) At the very least, Judge Stotler is generally familiar with the underlying subject matter and the ongoing dispute between the parties. Therefore, the Court finds this factor to weigh in favor of transfer.

### 6. Relative Court Congestion in Each Forum.

Defendants contend that the Northern District is slightly more congested than the Central District. (Br. at 8.) Plaintiffs do not address the issue. Although less significant, the relative court congestion is a factor the Court considers. The Court finds this factor to weigh slightly in favor of transfer because the median times from filing to disposition in civil cases is slightly higher in the Northern District than the Central District. (*See id.* (citing http://www.uscourts.gov/cgi-bin/cmsd2006.pl).

In sum, the Court finds that the instant case could have been brought in the Central District and that the balance of factors weighs in favor of transfer.

### CONCLUSION

For the reasons state herein, Defendants' motion to transfer to the Central District of California is GRANTED. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: March 27, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7